IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CITGO PETROLEUM CORPORATION and PDV HOLDING INC., | § § § § | No. 299, 2021 |
| Non-Parties Below, Appellants, | § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § § | C.A. Nos. N21M-06-085 and N21M-06-086 |
| PHARO GAIA FUND LTD. and PHARO MACRO FUND, LTD., | § § § | |
| Plaintiffs Below, Appellees. | § § § § | |

Submitted: September 20, 2021
Decided: October 4, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the notice of interlocutory appeal and the exhibits attached thereto, it appears to the Court that:

(1) The appellants, CITGO Petroleum Corporation and PDV Holding Inc., have petitioned this Court, pursuant to Supreme Court Rule 42, to accept an interlocutory appeal from the Superior Court's bench ruling and implementing order denying their motion to quash.

(2) In September 2020, the United States District Court for the Southern District of New York ("the District Court") entered a $149 million judgment in favor

of the appellees, Pharo Gaia Fund, Ltd. and Pharo Macro Fund, Ltd. (collectively, "Pharo"), against the Bolivarian Republic of Venezuela. Pharo sought post-judgment discovery from non-parties CITGO and PDV, Delaware entities and subsidiaries of a Venezuelan state-owned oil company. Pharo originally served CITGO's New York registered agent with a subpoena issued by the District Court, but withdrew the subpoena following CITGO's objection to the District Court's jurisdiction.

(3) On June 14, 2021, Pharo asked the Superior Court Prothonotary to issue subpoenas to CITGO and PDV. The requests included subpoenas issued by the District Court to CITGO and PHV. Following issuance and service of the subpoenas in Delaware, CITGO and PDV filed a motion to quash. They argued that: (i) the subpoenas were facially invalid because the Delaware Uniform Interstate Depositions and Discovery Act, 10 *Del. C.* § 4311 ("DUIDDA") does not apply to discovery initiated by litigants in federal court proceedings; and (ii) even if properly issued, the subpoenas did not seek relevant information. Pharo opposed the motion to quash.

(4) After oral argument, the Superior Court denied the motion to quash in a bench ruling. The Superior Court concluded that DUIDDA permitted not just the issuance of subpoenas based on subpoenas issued by other state courts, but also subpoenas issued by federal courts within other states. The Superior Court also

2

found that the subpoenas sought relevant discovery under an alter ego theory. The Superior Court issued a written order denying the motion to quash on August 23, 2021.

(5) CITGO and PDV filed a timely application for certification of an interlocutory appeal of the Superior Court's decision. Pharo opposed the application. On September 20, 2021, the Superior Court denied the application for certification.

(6) As an initial matter, the Superior Court concluded that its decision did not decide a substantial issue of material importance because it related to discovery, not the merits of the parties' dispute. As to the Rule 42(b)(iii) criteria, the Superior Court found that none of the criteria weighed in favor of certification. The Superior Court acknowledged that the decision resolved an issue of first impression (Rule 42(b)(iii)(A)), but found that CITGO and PDV's novel arguments lacked support. The Superior Court also recognized that the decision resolved the construction of a Delaware statute (Rule 42(b)(iii)(C)), but found that immediate consideration and resolution of the issue was not required because the proposed construction by CITGO and PDV lacked support, and the decision did not affect the merits of the parties' dispute.

(7) We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the

3

Court.[1]  In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's interlocutory opinion do not exist in this case,[2] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[3]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[1] Supr. Ct. R. 42(d)(v).
[2] Supr. Ct. R. 42(b)(ii).
[3] Supr. Ct. R. 42(b)(iii).